UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:17-CR-41-KAC-DCP |
| | ) | |
| WILLIAM A. DYER, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This case came before the Court on February 11, 2025, on the Government's request for

detention and Defendant William A. Dyer's request for a preliminary hearing under Rule 32.1 of

the Federal Rules of Criminal Procedure [Doc. 431]. *See* 18 U.S.C. § 636(b).

I.      **BACKGROUND**

In 2017, Defendant pleaded guilty to conspiring to distribute five grams or more of

methamphetamine, violating 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(B) [Doc. 204 p. 1]. He received

a sentence of 151 months of imprisonment followed by five years of supervised release

[*Id.* at 2–3]. On December 12, 2024, President Joseph R. Biden, Jr. issued an Executive Grant of

Clemency, commuting Defendant's sentence of confinement [Doc. 428]. Defendant's supervision

commenced on December 20, 2024 [Doc. 430]. In relevant part, the conditions of his supervised

release require that he not commit another federal, state, or local crime; notify the probation officer

within seventy-two hours of any arrest or questioning by a law enforcement officer; and refrain

from any unlawful use of controlled substances [Doc. 204 pp. 3–4].

On January 31, 2025, District Judge Katherine A. Crytzer issued a warrant for Defendant's

arrest based on a Petition for Warrant for Offender Under Supervision [Doc. 430], which was

amended on February 6, 2025 ("Amended Petition") [Doc. 434].[1] The Amended Petition alleges

four violations of the conditions of supervised release [*Id.*]. Violation 1 alleges that Defendant

committed another crime [*Id.*]. Violation 2 alleges that Defendant failed to notify his probation

officer within seventy-two hours of being arrested [*Id.*]. Finally, Violations 3 and 4 allege that

Defendant unlawfully used a controlled substance and committed a new crime in doing so [*Id.*].

On February 11, 2025, Defendant initially appeared on the Amended Petition and the Court

held a combined preliminary and detention hearing [Doc. 437]. Assistant United States Attorney

Michael Gilmore appeared on behalf of the Government. Assistant Federal Defender Benjamin

Sharp represented Defendant William Dyer, who was also present.

## II.    PRELIMINARY HEARING

Pursuant to Rule 32.1(b) of the Federal Rules of Criminal Procedure, Defendant requested

that the Court conduct a preliminary hearing on Violation 1 but conceded that probable cause exists

to support Violations 2 through 4. Violation 1 details that Defendant was charged with aggravated

assault and alleges that Defendant did not comply with the condition that he not commit another

federal, state, or local crime [Doc. 434 p. 2]. The Government argued that there is probable cause

to believe that while on release, Defendant committed two criminal offenses: aggravated assault

and rape.

If an individual is in custody for violating the terms of supervised release, a magistrate

judge must promptly conduct a hearing to determine whether there is probable cause to believe

that a violation occurred, unless the individual waives the hearing. Fed. R. Crim. P. 32.1(b)(1)(A).

---

[1]    Defendant initially appeared on the Petition on February 5, 2025 [Doc. 431]. The
Government moved to detain Defendant pending his revocation hearing, and the Court set a
preliminary and detention hearing for February 11, 2024 [Doc. 435]. The Court ordered that
Defendant be detained during the continuance [*Id.*].

In the context of an alleged violation of supervised release, "[p]robable cause exists when the Government presents 'evidence sufficient to cause a person of ordinary prudence and caution to conscientiously entertain a reasonable belief' that the accused committed the violation of supervised release." *United States v. Garcia*, No. 4:08-CR-328-06, 2014 WL 12819401 (S.D. Tex. Sept. 23, 2014) (quoting *United States v. Lucio*, No. 5:06-MJ-930, 2006 WL 1663756, at *2 (S.D. Tex. June 13, 2006)).

According to the Amended Petition, Defendant's probation officer received a call from Detective Hayden Cochran with the Knoxville Police Department, who reported that Defendant had been charged with aggravated domestic assault in violation of Tenn. Code Ann. § 39-13-102 and would be charged with forcible rape following further investigation [Doc. 434 p. 2]. In the Affidavit of Complaint, Detective Cochran indicates that he met with the alleged victim of the assault [Exh. 1]. Detective Cochran reports that the victim stated that on January 28, 2025, she and Defendant, her boyfriend, were at a hotel when they began arguing over access to her phone [*Id.*]. The victim advised that Defendant "smacked her with an open hand on the face . . . she became afraid for her safety [then] Defendant placed his hands around her throat and began strangling her. . . . [S]he could not breathe and everything went black. . . . The next thing she remember[ed was] waking up in her Jeep in only a bathrobe with no clothes on" [Exh. 1]. Detective Cochran wrote in his case notes that the victim completed a rape kit, and a rape investigation was ongoing [Exh. 2]. Corroborating the victim's statement, Detective Cochran observed that she had red eyes, bruising on her chest and forearms, and defined strangulation marks on her neck [Exh. 2]. A photograph also depicts the latter injury [Exh. 3].

Defendant asserts that the allegations are hearsay upon hearsay, but the Federal Rules of Evidence do not apply in preliminary hearings nor proceedings related to the revocation of supervised release. *See* Fed. R. Evid. 1101(d)(3) (providing that the Rules do not apply in

3

proceedings related to revocation of supervised release and preliminary examinations in criminal cases). In a preliminary revocation hearing, the Government may depend on reliable hearsay to establish probable cause. *United States v. Jones*, No. 13-35, 2023 WL 7003232, at *3 (E.D. Ky. Oct. 24, 2023) (rejecting challenge to probable cause finding for supervised release violation that was based on reliable hearsay). And the Sixth Circuit has recognized the reliability of hearsay evidence which, like Detective Cochran's Affidavit, was "given under oath [and is] replete with detail, or supported by corroborating evidence . . . ." *United States v. Kokoski*, 435 F. App'x 472, 474 (6th Cir. 2011).

Based upon the evidence presented, the Court finds that probable cause exists to believe that Defendant committed the crime of aggravated assault in violation of Tenn. Code. Ann. § 39-13-102, which defines aggravated assault as one that, among other circumstances, involved strangulation or attempted strangulation.[2] And Defendant has conceded there is probable cause to believe he violated the conditions of his supervised release pertaining to notifying his supervising officer of any arrest and unlawful use of a controlled substance. Hence, the District Judge must conduct a revocation hearing. Fed. R. Crim. P. 32.1(b)(1)(C).

## III. DETENTION HEARING

Proceeding under Rule 32.1, the Government asks the Court to detain Defendant pending his revocation hearing because he poses a danger to the community or another person and a risk of flight. Defendant argues for release on conditions, including home detention, electronic monitoring, drug testing and substance abuse treatment, employment, and no contact with the alleged victim.

---

[2] Defendant has not been charged with rape and the Amended Petition asserts a violation based upon violation of Tenn. Code Ann. § 39-13-102. The Court does not address whether there is probable cause to believe that Defendant committed the additional crime of rape.

A magistrate judge may release or detain a defendant charged with violating conditions of supervised release under 18 U.S.C. § 3143(a)(1). Fed. R. Crim. P. 32.1(a)(6). The statute provides that the judicial officer shall order a defendant detained unless the judicial officer finds by clear and convincing evidence that the defendant is not likely to flee or pose a danger to the safety of others or the community if released. 18 U.S.C. § 3143(a); *see also United States v. McIntosh*, No. 02–CR–20049–02, 2012 WL 762614, *1 (E.D. Mich. Mar. 9, 2012) (observing that § 3143(a) "establishes a presumption in favor of detention that is rebuttable only upon the Defendant showing, by clear and convincing evidence, that he or she is not likely to flee or pose a danger to any other person or the community"). The defendant bears the burden of showing that he will not flee or pose a danger to others or the community. Fed. R. Crim. P. 32.1(a)(6). In assessing the risks of flight and danger, the Court considers the factors set forth in 18 U.S.C. § 3142(g): the nature and circumstances of the alleged offense, the weight of the evidence against the defendant, a host of factors related to his history and characteristics, and the nature and seriousness of the risk of danger posed by his release. *United States v. Tolbert*, No. 3:09-CR-56, 2017 WL 6003075, at *4 (E.D. Tenn. Dec. 4, 2017) (instructing that § 3142 provides a framework to analyze release pending revocation hearing); *United States v. Holmes*, No. 3:98-CR-6, 2022 WL 4878591 (E.D. Tenn. Oct. 3, 2022).

The first factor examines the nature and circumstances of the charged violations. Here, the nature and circumstances of the charged violations show that Defendant poses a risk of flight and endangering others. *See* 18 U.S.C. § 3142(g)(1). Aggravated assault necessarily harms another person, and the allegations of the assault are violent and potentially involve a rape. Specifically, the victim stated that she shared a relationship with Defendant, who "strangl[ed] her [until] she could not breathe[,] and everything went black" [Exh. 1]. Again, Defendant asserts the allegations are based on hearsay, and that the Court should give them little weight. But the allegations are

5

corroborated by a photo [Exh. 3] and the officer's report of injuries is consistent with the victim's report [Exh. 2]. In addition, law enforcement officers found Defendant hiding from them in a closet at his place of employment (a towing company) [Exh. 2]. Further, Defendant's personal use of a substance like methamphetamine exposes the community to the dangers of drug trafficking. *United States v. Washington*, No. 3:22-CR-72, 2022 WL 17168604 (E.D. Tenn. Nov. 22, 2022) (explaining the serious risks associated with methamphetamine); *United States v. Pratt*, No. 611CR28GFVTHAI1, 2017 WL 9403321, at *3 (E.D. Ky. Jan. 3, 2017), *report and recommendation adopted*, No. 611CR0028GFVTHAI1, 2017 WL 1095041 (E.D. Ky. Mar. 23, 2017) (considering the nature and circumstances of supervised release violations and reasoning that the defendant's personal drug use created a risk that he would continue using drugs and engage in felonious behavior).

The second factor examines the weight of the evidence of Defendant's dangerousness and risk of nonappearance. 18 U.S.C. § 3142(g)(2); *see also United States v. Stone*, 608 F.3d 939, 948 (6th Cir. 2010) (observing that the second factor "goes to the weight of the evidence of dangerousness [and risk of nonappearance], not the weight of the evidence of the defendant's guilt"). As for the weight of evidence that Defendant poses a risk of danger, the Government proffered that Defendant tested positive for methamphetamine while on home detention in addition to his admitted use on January 25, 2025. He has three convictions related to manufacturing or distributing drugs, including the one underlying this case [Doc. 434 pp. 3–4]. He was also previously charged with domestic assault, which was later dismissed. *Tolbert*, 2017 WL 6003075, at *5 ("[T]he court may consider both actual convictions and mere arrests or indictments to assess the defendant's dangerousness, though the latter will typically weigh less heavily in favor of detention."). Concerning the weight of evidence of the risk of flight, Defendant faces a penalty of thirty-three to thirty-six months of imprisonment if convicted for violating the terms of his

supervised release [Doc. 434 p. 1]. He also faces a potential state sentence for violation of Tenn. Code Ann. § 39-13-102 as well as a potential charge and sentence for rape, which the Government proffered carries a sentence of up to life imprisonment. *United States v. Shuklin*, No. 19-4171, 2020 WL 2992522, at *1 (6th Cir. Mar. 18, 2020) (observing that "significant penalties," such as a maximum of twenty years' imprisonment, "provide a strong incentive to flee").

The third factor focuses on the Defendant's history and characteristics. *See* 18 U.S.C. § 3142(g)(3). Little was offered about this factor. Defendant's criminal history falls into Category VI, the most serious under the sentencing guidelines [Doc. 434 p. 1]. *United States v. Herrera-Zuniga*, 571 F.3d 568 (6th Cir. 2009) (explaining that Category VI is the highest criminal history category). Defendant also proffered that he could return to his employment at a towing company if he were released. Defendant admitted to using methamphetamine after he was released on bond for the recent assault charge [Exh. 4], and the Government proffered that Defendant tested positive for methamphetamines when he was on home detention following his release from custody.

The final factor looks to the nature and seriousness of the danger that would be posed by the defendant's release. *See* 18 U.S.C. § 3142(g)(4). Defendant has a history of endangering the community through distributing illegal drugs and he has continued to do so by procuring and using illegal methamphetamines. The alleged violation and previous charge of domestic assault also support a finding that he poses a danger to the community. *Stone*, 608 F.3d at 953 (endorsing that "[a] willingness to strike loved ones offers probative evidence of a tendency to violence and dangerousness toward others'" (quoting *United States v. Quartermaine*, 913 F.2d 910, 917 (11th Cir. 1990))).

Defendant argues that there are conditions that can alleviate any risks of danger and flight that he may pose. As mentioned above, he offers home detention, location monitoring, drug testing

7

and substance abuse treatment, employment with the towing company, and no contact with the alleged victim.[3] Due to his persistent drug use and disregard for the law and court conditions, the Court doubts whether Defendant would now abide by any conditions, if imposed. *United States v. Cornish*, 449 F. Supp. 3d 681, 684 (E.D. Ky. 2020) ("[A]lmost any conditional release ultimately depends on a court's assessment of a defendant's good faith intentions and predicated compliance with conditions imposed." (citation omitted)); *United States v. Green*, No. 5:21-CR-128, 2021 WL 6124486, at *6 (E.D. Ky. Dec. 28, 2021) (remaining unconvinced that conditions would assure community safety in light of the defendant's use of illegal substances and related offenses).

Accordingly, the Court finds Defendant has failed to carry his burden of showing by clear and convincing evidence that he is not a danger to the community or a risk of flight. Fed. R. Crim. P. 32.1(a)(6).

## IV. CONCLUSION

For the reasons discussed herein, the Court **ORDERS** as follows:

(1) there is probable cause to believe that Defendant violated his conditions of supervised release by committing another crime, namely violation of Tenn. Code Ann. § 39-13-102;

(2) Defendant has conceded there is probable cause to believe he has violated his conditions of supervised release pertaining to notifying his supervising officer of any arrest and unlawful use of a controlled substance;

(3) Defendant is **ORDERED** to appear for a revocation hearing before United States District Judge Katherine A. Crytzer, which is presently scheduled for **March 12, 2025, at 9:00 a.m.**;

(4) Defendant is **ORDERED DETAINED** pending his revocation hearing;

---

[3] Defendant adds that he posted a $10,000 bond in state-court and a $500 deposit on the state electronic location monitoring system.

(5) Defendant is committed to the custody of the Attorney General or his designated representative for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(6) Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel; and

(7) on order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

**IT IS SO ORDERED.**

ENTER:

_____
Jill E. McCook
United States Magistrate Judge

9